IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 06-30068-WDS |
| | ) | |
| ROHAN G. HERON, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is the government's motion in limine (Doc. 120), to which the defendant has filed a response (Doc. 121). The Court previously granted, in part, defendant's motion to suppress statements (Doc. 89) finding that the first statement given by the defendant, on May 10, 2006, to Special Agents Cynthia Scott and Officer Wade Bummersheimer was subject to suppression because the defendant had not been Mirandized. The Court further found that the defendant's second statement, given to Special Agent Michael Rehg, DEA, on May 11, 2006, was not subject to suppression and would be admissible at trial (*see Memorandum & Order* for specifics of the Court's ruling).

In its motion in limine, the government seeks to have the Court determine whether the report prepared by Special Agent Scott would be admissible at trial if the defendant chose to question Special Agent Rehg on why he did not prepare a report of his interview with the defendant and the statement the defendant gave Special Agent Rehg. Special Agent Rehg testified that he did not prepare a report because the information he received from the defendant

was substantially the same as the information the defendant provided to Special Agent Scott.

In response to the government's motion in limine, the defendant indicates that he will be questioning Special Agent Rehg on the lack of a written report from the May 11th statement, and concedes that Agent Rehg should be allowed to indicate that he did not prepare a report because another officer had prepared a report of the defendant's earlier statement. However, the defendant does not concede that this should open the door to Special Agent Rehg testifying about the substance of the May 10, 2006 statement, as set forth in the report, nor to another agent testifying about the report.

## ANALYSIS

The defendant wants to be able to question, even impeach, Agent Rehg's testimony about the contents of the defendant's statement by pointing out that there was no report of that statement prepared. This is a common method of cross examining a witness. The defense will typically ask the agent why if this oh-so-damaging statement was allegedly made by the defendant, the agent did not consider it an important enough statement to write a report detailing the nature of that statement. In the typical case, this line of questioning is not only fair, it is totally appropriate. If an agent takes a statement from a defendant in which that defendant somehow inculpates himself, the lack of a formal report about that statement is relevant to the credibility of the testimony of the agent. However, the facts of this case are not of that nature. Here there is a formal report of statement, from the prior day's statement by the defendant, which was identical to the statement made orally on May 11, 2006.

The Seventh Circuit has long held, "When a party opens up a subject, even though it may not be strictly relevant to the case, he cannot complain on appeal if the opposing party introduces

evidence on the same subject." *United States v. Bolin,* 514 F.2d 554, 558 (7th Cir. 1975); *see also United States v. Carter,* 720 F.2d 941, 948 (7th Cir. 1983). "A party cannot be permitted on the one hand to introduce evidence which appears favorable then complain, after the cricumstances are fully developed, because that evidence becomes detrimental to his cause." 720 F.2d at 948.

The Seventh Circuit has held that "The 'open the door' or 'invited error' doctrine provides that where a proponent introduces inadmissible evidence, a court may permit the opponent to introduce similarly inadmissible evidence in rebuttal or engage in otherwise-improper cross examination." *United States v. Martinez,* 988 F.2d 685, 702 (7th Cir. 1993). Further:

> Where the proponent's inadmissible evidence advances his case or undercuts that of his adversary, or otherwise introduces prejudice to the trial, then in fairness the adversary should be allowed to try to neutralize the effect of this evidence or cure any resulting prejudice by introducing otherwise-inadmissible rebuttal evidence or impeaching the proponent's witness on cross-examination.

988 F.2d at 702 (*quoting* 1 David W. Louisell & Christopher B. Mueller, *Federal Evidence* § 11, at 49 (1977)). Therefore, if the defense attempts to extensively impeach the testimony of Agent Rehg by questioning him regarding the lack of a written report of the defendant's statement given on May 11, 2006, the Court will allow limited use of the previously suppressed report of the May 10, 2006 statement as prepared by Agent Scott. The Court will not allow the government unfettered use of that report, "'curative admissiblity' is tempered by the need to place reasonable limits upon the amount and type of rebuttal evidence allowed" *Martinez*, 988 F.2d at 702, but will permit the report to be introduced in the re-direct testimony of Agent Rehg if the defendant pursues this line of questioning in any depth.

Accordingly, the Court **GRANTS** the government's motion in limine.

**IT IS SO ORDERED.**

**DATED: June 11, 2007.**

**s/ WILLIAM D. STIEHL**
**DISTRICT JUDGE**
