IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CRIMINAL NO. 06-30068-WDS |
| ) | |
| ROHAN G. HERON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court is defendant's motion for new trial (Doc. 145) to which the government has filed a response (Doc. 146). The defendant was convicted after a three-day jury trial of possession with intent to distribute marijuana (Count 1) and possession with intent to distribute cocaine (Count 2). The defendant asserts several grounds in his motion for new trial, which the Court will consider in turn.

**1.    Denial of Defendant's Motion to Suppress**

The first ground the defendant raises is that the Court erred in denying the defendant's motion to suppress statements with respect to a May 11, 2006, statement which the defendant gave to Special Agent Michael Rehg. The Court, in its Order of March 1, 2007, granted in part and denied in part defendant's motion to suppress. In a detailed Order, the Court held that the defendant's statement which was made on May 10, 2006, to S/A Cynthia Scott, was subject to suppression, but that the statement given to S/A Rehg was not subject to suppression. The Court found that it was separately admissible because the defendant had been *Mirandized* before giving that statement. (Doc. 89).

The defendant raises no new grounds for the Court to reconsider its prior ruling, and the Court, upon review of the record, remains persuaded that the Order granting in part and denying in part the motion to suppress was proper. Accordingly, defendant's motion for a new trial on this ground is **DENIED**.

### 2. The Court's Denial of Defendant's Motion to Continue the Trial

Before trial, the government advised the Court and counsel for the defendant that government witness, Gigiman Hamilton, the former co-defendant in this case, had, the day before trial, informed the government that he and the defendant had transported narcotics from Phoenix to Cleveland on at least two occasions prior to the May 2006 trip that led to the arrest of the defendants. This information was different from the statement that Hamilton had given law enforcement in May of 2006 after his arrest. In that statement Hamilton said that the May 2006 trip was the first time that Heron had accompanied him.

The defendant asserts that the change in the testimony amounted to unfair surprise that denied him of sufficient time to investigate the new information, and therefore denied him a right to a fair trial. In particular, the defendant now asserts that he could have located truck licensing and repair records that could have shown that Hamilton's testimony was unreliable. The defendant made this motion before trial and the Court denied defendant's motion, but directed the government to make Hamilton available to the defense counsel for an interview before his testimony (See Minute Entry, Doc. 126).

In this case, the government notified the defendant as soon as it learned of the change in

testimony.[1]  The defendant was free to, and did, cross examine the witness about the change in his testimony in an attempt to impeach Hamilton, and was allowed to argue that this change made his testimony less credible.  The failure to grant a continuance is not generally error unless it caused the trial to be fundamentally unfair, in violation of a federal constitutional right. *Searcy v. Greer,* 768 F.2d 906, 912 (7th Cir.1985).  Here, the Court simply cannot find that a continuance was necessary or warranted.

Accordingly, the Court **DENIES** defendant's motion for new trial on this ground.

### 3. Denial of Defendant's Motion to Strike Venire Person Culbertson for Cause.

The defendant asserts that the Court erred when it would not strike venire person Culbertson for cause.  Culbertson, a teacher, when questioned with the jury panel indicated that he had strong feelings about the effect of drugs on students.  However, when questioned before the Court at sidebar, Culbertson indicated that he could be a fair and impartial juror.  The defendant attempted to challenge this venire person for cause, but, when denied, use a peremptory strike to remove Culbertson from the jury panel.

The defendant attempts to challenge the Court's ruling on the grounds that it led to a jury that was not fair or impartial.  However, the Supreme Court has held that "[a]ny claim that the jury was not impartial. . . must focus not on [the juror who was stricken], but on the jurors who ultimately sat." *Ross v. Oklahoma*, 487 U.S. 81, 86 (1988).  There is nothing before the Court or in the record which would establish that the jury which was impaneled was anything other than impartial, therefore, the Court **DENIES** defendant's motion for a new trial on this ground.

---

[1] The Court notes that it is not at all uncommon for testimony to change from pre-trial statements to trial testimony.  Moreover, the fact that government immediately notified the defense of the change in testimony lessens the prejudice of this change to the defendant.

**4.     Admission of Statements Made at the Time of the Defendant's Arrest.**

In this part of the motion, the defendant asserts that he did not receive this statement, but the government has established that it provided discovery to the defendant in June of 2006, which included the report of Officer Greg Hosp, of the Caseyville Police, who conducted the stop of the defendant and obtained his statement.  The statement is contained in that report.  The defendant acknowledged receiving this discovery on June 12, 2006, and did not file his motion to suppress until June 28, 2006.  Although defendant was represented by a different counsel at that time, the Court did not hear the motion to suppress until January 16, 2007, and the defendant was represented by trial counsel at that time.

The record is clear that the government properly turned over to the defendant this information and that it was available to defense counsel well before the motion to suppress was filed, and well before the hearing on the motion.

Therefore, this part of defendant's motion is wholly without substance or merit and it is **DENIED**.

## CONCLUSION

Accordingly, the Court **DENIES** defendant's motion for new trial on all grounds raised.

**IT IS SO ORDERED.**

**DATED: September 12, 2007.**

                              s/ WILLIAM D. STIEHL
                                 **DISTRICT JUDGE**

4