# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | NO-06-CR-30068-WDS |
| ROHAN G. HERON, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Before the Court is defendant's third motion in limine, which was made orally during the Court's pre-trial conference. The Court heard oral argument on the issue and took the matter under advisement. The defendant seeks to exclude the statement of his former co-defendant, Gigiman Hamilton, made at the time of the stop, before the arrest of either defendant or the discovery of the controlled substances, that his "co-driver" was the defendant, Rohan Heron.

The defendant argues that this evidence is not admissible pursuant to Fed. R. Evid. 801(d)(2)(E) because it is offered for the truth of the matter asserted and because there is no conspiracy charged. Rule 801(d)(2)(E) provides that an exception to the hearsay rule which is admissible against a defendant are "statement[s] made by a co-conspirator of a party during the course and in furtherance of the conspiracy." *Id.*

The Seventh Circuit has stated, "a prosecutor *need not* charge a conspiracy to take advantage of Rule 801(d)(2)(E)." *United States v. Rea*, 621 F.3d 595, 604 (7th Cir. 2010) (emphasis added). The determination of whether a conspiracy existed, even if not charged, is one which the Court makes by a preponderance of the evidence, *United States v. Moon,* 512 F.3d 359, 363 (7th Cir.

2008).

If the Court determines: 1. That a conspiracy existed; 2. That the defendant and the declarant were members of the conspiracy; and, 3. That the statement was made during the course and in furtherance of the conspiracy, the statement may be admitted under Rule 801(d)(2)(E), regardless of whether or not a conspiracy was formally charged in this case.

## DISCUSSION

The first determination, which the Court must make, is whether a conspiracy existed in this case. The government has proffered that the evidence will be that the defendant and Hamilton were traveling across the country in a tractor trailer containing approximately 1000 lbs of marijuana and 28 kilograms of cocaine. Over 1000 lbs of the marijuana and all of the cocaine were found in the sleeper part of the cab of the tractor trailer. The evidence proffered is that Hamilton and the defendant, Heron, were long-time personal friends, and both were over-the-road truckers. Hamilton had previously driven a legitimate load from the East Coast, where both defendants lived, across country, and picked up controlled substances from a Rene Beltran in Phoenix, Arizona, and driven the controlled substances back to Ohio where they were to be off-loaded. Hamilton asked Heron to go with him on this occasion, told him what the purpose of the trip was, and that he would be paid for his time.

Hamilton and Heron drove a legitimate load of furniture to Los Angeles, then picked up a return legitimate load of voting machines in Las Vegas, and finally traveled to Phoenix to pick up the drugs from Beltran to, again, take to Ohio. Hamilton and Heron shared driving responsibilities and were driving straight through to Ohio. Beltran and Jason Wyatt left Phoenix ahead of Hamilton and Heron, and, along the way, decided to have Hamilton drop off part of the illegal load in Illinois.

DEA observed Hamilton and Heron stop in Illinois, and separate the trailer from the cab. At that point, DEA asked for Caseyville, Illinois, Police Department, Officer Greg Hosp, to make a traffic stop of the cab as they suspected controlled substances were in the tractor.

After the stop, Hamilton made a statement to Officer Hosp that Heron was his "co-driver." To find that the statement that the defendant, Rohan Heron, was the "co-driver" was made "in furtherance" of the conspiracy, the Court must "evaluate the context of the statement with regard to whether the statement advanced the conspiracy," *Rea*, 621 F.3d at 605 (citing *United States v. Johnson,* 200 F.3d 529, 533 (7th Cir. 2000)) Further, "'the statement need not have been made exclusively, or even primarily, to further the conspiracy,' and that we need only find 'some reasonable basis for concluding that the statement in question furthered the conspiracy in some respect.'" (quoting *United States v. Powers*, 75 F.3d 335, 340 (7th Cir. 1996)(internal quotation marks omitted)).

In this case, Hamilton made the statement after being stopped, and identifying Heron as a co-driver. Given the nature of the activities, the statement that Heron was a co-driver, at least partially identified him as a co-conspirator in a joint venture between Hamilton and Heron. This was a similar situation to that faced by the court in the *Rea* case, where the declarant made the statement that his source for illegal drugs was the defendant. 621 F.3d at 604-05. Here, there is sufficient evidence that Hamilton and Heron were in a conspiracy, a joint agreement, to transport controlled substances from Phoenix to Ohio, that both knew of the purpose and nature of the trip and they both participated in the conspiracy. As the Seventh Circuit has stated: "Statements that further the conspiracy may take a variety of forms, 'including comments designed to . . . control damage to or detection of the conspiracy, [and] to hide the criminal objectives of the conspiracy . . .'" 621 F.3d

at 604. Here, the statement to Hosp who stopped Hamilton, the driver, on a traffic violation, that Heron was Hamilton's "co-driver" was, arguably, made to control detection of the conspiracy by Officer Hosp. Also, it was likely made in an attempt to hide the criminal objectives of the cross-country drive from Officer Hosp by legitimizing the non-stop trip by having two drivers.

Therefore, the Court **FINDS** that the statement to Officer Hosp was made as part of the conspiracy, and is admissible against the defendant pursuant to Rule 801(d)(2)(E). Defendant's oral motion in limine on this ground is, accordingly, **DENIED** and Officer Hosp may testify as to the statement made by Hamilton as to Heron's role.

The defendant made an alternative motion that the Court give a limiting instruction on the use of the testimony by the jury. The Court **GRANTED** that motion and gave a limiting instruction at the time this evidence was elicited in Officer Hosp's testimony.

**IT IS SO ORDERED.**

**DATE: 20 July, 2011**

                                        **/s/ WILLIAM D. STIEHL**
                                             **DISTRICT JUDGE**