# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 06-WDS-30068-WDS |
| ROHAN G. HERON, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant's motion for new trial (Doc. 302) to which the government has filed a response (Doc. 303). The defendant was charged with Possession with Intent to Distribute Marihuana (Count 1) and Possession with Intent to Distribute Cocaine (Count 2) and was convicted after a three-day trial on both counts of the Second Superseding Indictment.[1] The defendant raises several grounds including, that the testimony of Agent Riegel, the government's expert was improperly allowed to testify as to the importation of drugs and the violent nature of the drug trade and as to what a person transporting drugs in a vehicle would know; that Officer Hosp was improperly allowed to testify about a statement made by the co-defendant, Hamilton, characterizing the defendant as a "co-driver"; and that the giving of the Ostrich instruction (Seventh Circuit Pattern Instruction 4.06) was improper. The Court will address each claim individually.

### 1. Testimony of S/A Rigel

---

[1] The trial in issue was a retrial on remand from the Court of Appeals, *see, United States v. Heron*, 564 F.3d 879 (7th Cir. 2009). The defendant waived reassignment of this case to another judge (see Minutes at Doc. 246) and the case was retried before the undersigned judge.

The defendant asserts that the Court erred when it denied the defendant's motion in limine directed to the testimony of DEA Special Agent Mark Rigel. Specifically, the defendnat asserts that he is entitled to a new trial because the expert testimony of Riegel was unduly prejudicial in that it discussed, in part, the violent nature of the drug trafficking trade, and how over-the road drug couriers generally operate.

The Court's pre-trial ruling allowed S/A Rigel to testify as to the process for the importation of drugs into the United States and the violent nature of drug trafficking. The defendant asserts that this testimony prejudiced the defendant. The Court held a hearing on this motion before trial, and the government proffered as to S/A Rigel's background, and the Court determined, in a written Order, that S/A Rigel was qualified to testify as an expert on these matters (*See*, Order at Doc. 289). Specifically, the Court determined that he could testify, inter alia, as to "truck driver's [sic] and their legal expectations for over-the-road driving, and legitimate and illegitimate cargo modus operandi." In addition, the Court gave the appropriate jury instruction as part of the jury charge on the limited use of expert testimony, and defense counsel was allowed to, and did challenge in arguments to the jury the weight to be given to that testimony.

The Seventh Circuit noted in *United States v. Morris*, 576 F.3d 661 (7th 2009), that:

> Government prosecutors often call expert witnesses to discuss common practices employed by drug dealers. *See United States v. Foster*, 939 F.2d 445, 451 & n. 6 (7th Cir.1991) (collecting cases and noting that our circuit "is quite familiar with the use during trial of expert testimony as to the methods used by drug dealers"); *see also United States v. Anderson*, 61 F.3d 1290, 1297 (7th Cir.1995). We have upheld the practice in a number of contexts related to the narcotics trade. *See United States v. Upton*, 512 F.3d 394, 401 (7th Cir.2008) (discussing various contexts); see also, e.g., *United States v. Gonzalez*, 933 F.2d 417, 428-29 (7th Cir.1991) (use of short

2

> phone calls to avoid detection); *United States v. Solis*, 923 F.2d 548, 551 (7th Cir.1991) (use of beepers); United States v. Rollins, 862 F.2d 1282, 1292 (7th Cir. 1988) (use of narcotics code words).

Further, "For many drug crimes, the government bears the burden of proving that the defendant possessed a given state of mind-often, as here, the intent to distribute narcotics. See 21 U.S.C. § 841(a)(1)." 576 F.3d at 674. However, as the court noted in *Morris,* it is "usually difficult or impossible to provide direct evidence of a defendant's mental state." *Id.* And, "intent is generally proven through circumstantial evidence, often in the form of expert testimony." *Id.* Finally, "experts 'simply describe[ ] in general terms the common practices of those [hypothetical individuals] who clearly do possess the requisite intent, leaving unstated the inference that the defendant, having been caught engaging in more or less the same practices, also possessed the requisite intent.'" *Morris*, 576 F.3d at 676 (*quoting United States v. Lipscomb,* 14 F.3d 1236, 1239-43 (7th Cir. 1994)). "The jury is then left to decide whether to make the logical connection from the expert's testimony to the case at hand." 576 F.3d at 676.

That is exactly the situation presented by the testimony of S/A Rigel. The defendant was a passenger in a semi-tractor trailer truck which was being driven by his co-defendant, Hamilton, (who pleaded before trial) at the time of their arrest. The evidence adduced at trial was that the defendant Hamilton had been hired by a man in Phoenix, Rene Beltran, to transport marihuana and cocaine from Phoenix to Cleveland, Ohio. Hamilton asked the defendant to travel with him to help assist in the delivery of the drugs. In the midst of the transportation, Beltran and a middleman, Jason Wyatt, decided to deliver some of the controlled substances illegal cargo to a person in the Southern District of Illinois and their arrest was a result of surveillance of that delivery. The government established that the defendant played a role in the possession and

transportation of those controlled substances. It was the defendant's contention that he was just riding with his best friend, Hamilton, and did not know of or participate in the drug transportation activities.

S/A Riegel's testimony was valid expert testimony pursuant to *Daubert v. Merrell Dow Pharm. Inc.,* 509 U.S. 579 (1993), and Fed. R. Evid. 702, as the Court determined in its Order of July 19, 2011.  The defendant has not raised any new basis for a finding of error, and the Court remains persuaded that it was appropriate to allow this testimony at trial, and the motion for new trial on this basis is **DENIED**.

### 2. Testimony of Officer Hosp

The defendant also re-raises his objection to the testimony of Officer Hosp, who was part of the stop of the defendants that occurred before either defendant was arrested, Hamilton stated at the time of the stop that Heron was his "co-driver."  The defendant asserts that this statement was not admissible under any of the hearsay exceptions. The Court entered a separate Order discussing the defendant's objection before the start of the trial and determined that the statement was admissible pursuant to Rule 801(d)(2)(E).  (*See* Order at Doc. 291).  The defendant has not raised any new grounds for this part of his motion, and the Court, upon review of the record, remains persuaded that the prior determination that this testimony of Hosp was properly admitted and the addition of a limiting instruction on this testimony, which was included in the Court's charge to the jury, was proper.  Accordingly, the motion on this grounds is **DENIED.**

### 3. Giving of the Ostrich Instruction

Finally, the defendant asserts that the Court improperly gave the government's

4

instruction 23, Seventh Circuit Pattern Instruction 4.06, which is commonly referred to as the "Ostrich" instruction. In this case, giving the "Ostrich" instruction was more than warranted. As the Seventh Circuit has noted:

> Such an instruction is typically employed to capture individuals who deliberately close their eyes to the truth. *See United States v. Carani*, 492 F.3d 867, 873 (7th Cir.2007). We have explained that they are appropriately given to a jury when: (1) a defendant claims a lack of guilty knowledge and (2) the government presents evidence that suggests that the defendant deliberately avoided the truth. *See United States v. Garcia*, 580 F.3d 528, 537 (7th Cir.2009).

*United States v. Ciesiolka,* 614 F.3d 347, 352 (7th Cir. 2010). In addition, the defendant asserts that the Court erred in refusing his instructions 15 and 16, which are different versions of the "mere presence" instruction. However, the Court determined that the evidence did not support a mere presence instruction, and remains persuaded that defendant was not entitled to this pattern instruction. The motion based on defendant's renewed objection to the Court's rulings on the jury instructions is, accordingly, **DENIED.**

## **CONCLUSION**

Therefore, the Court **DENIES,** on all grounds raised, the defendant's motion for new trial (Doc. 302).

**IT IS SO ORDERED.**

**DATED:    21 October, 2010**

                                            **s/ WILLIAM D. STIEHL**
                                              **DISTRICT JUDGE**